Gershengorn, J.
Plaintiff requests judicial review, pursuant to M.G.L.c. 30A, §14, of a decision by the State Building Code Appeals Board dismissing his appeal from a decision by the Commissioner of Inspectional Services for the City of Newton on the grounds that the Board lacked subject matter jurisdiction. As the proper avenue of plaintiffs administrative appeal challenging the zoning ordinance does not lie with the State Building Code Appeals Board, this court affirms the dismissal.
BACKGROUND
The plaintiff, Leon Jaffe, is the owner of three properties in Newton. In November 1993, the Commissioner of Inspectional Services for the City of Newton *109 (“the Commissioner”) determined that plaintiffs properties were in violation of the Newton zoning ordinance and the state’s building code. The Commissioner cited the properties for (1) being used for an association of persons living together in a Multi-Residence Zoning District without the required grant of a special permit by the Newton Board of Aldermen and (2) for failure to provide adequate off-street parking.
On May 8, 1995, plaintiff appealed to the State Building Code Appeals Board (“the Board”), arguing that the zoning ordinance allegedly violated by plaintiff subverted the State Building Code. At the core of plaintiffs appeal is his contention that the zoning ordinance’s definition of “association of persons” is invalid because (1) that definition does not appear in or is inconsistent with the definition of “dwelling unit, congregate” in the State Building Code, 720 C.M.R. §300 et seq., and (2) the State Building Code does not provide a Use Group Classification for the use “association of persons” as defined by the zoning ordinance.
On May 2, 1995 and July 17, 1995, the Board dismissed plaintiffs appeal for lack of subject matter jurisdiction. Plaintiff now seeks judicial review of the Board’s decision, pursuant to M.G.L.c. 30A, §14.
DISCUSSION
Judicial review of an agency decision is confined to the record. G.L.c. 30A, §14(5). The reviewing court must give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School District v. Labor Relations Commission, 386 Mass. 414, 420-21 (1982). The agency’s decision shall be sustained if it is supported by substantial evidence, and judicial inquiry is limited to a determination of whether, within the administrative record, there is such evidence as a reasonable mind might accept as adequate to support the agency’s conclusion. Seagram’s Distillers Co. v. Alcoholic Beverages Control Commission, 401 Mass. 713, 721 (1988).
Pursuant to G.L.c. 143, §100, appeals to the Board may be brought by any person “aggrieved by an interpretation, order, requirement, direction or failure to act by any state or local agency or any person or state or local agency charged with the administration or enforcement of the state building code or any of its rules and regulations ...”
Land owners challenging the validity of a zoning ordinance may bring an action against a town in the Land Court, as provided by G.L.c. 240, §14A, which reads in pertinent part:
The owner of a freehold estate in possession in land may bring a petition in the land court against a city or town wherein such land is situated . . . for determination as to the validity of a municipal ordinance, by-law or regulation, passed or adopted under the provisions of chapter forty A or under any special law relating to zoning, so called, which purports to restrict or limit the present or future use, enjoyment, improvement or development of such land, or any part thereof, or of present or future structures thereon, including alterations or repairs . . .
Plaintiff asserts that the Board’s decision dismissing his appeal for lack of subject matter jurisdiction is arbitrary and capricious, based upon an error of law, and that its findings of fact and conclusions “are not based upon substantial, reliable and probative evidence.” There is substantial evidence, however, supporting the Board’s conclusion that it lacks subject matter jurisdiction, as plaintiffs appeal contests the legality and interpretation of Newton’s zoning ordinance. By simply casting his claim of the invalidity of the zoning ordinance in terms of its relation to the State Building Code, plaintiff cannot force his claim within the jurisdiction of the Board, and thereby avoid the proper avenue for challenging zoning ordinances, as set forth in the Zoning Act, M.G.L.c. 40A, and M.G.L.c. 240, §14A. Accordingly, the Board, lacking subject matter jurisdiction, properly dismissed the case.
ORDER
For the foregoing reasons, it is hereby ORDERED that the State Building Code Appeals Board’s decision dismissing plaintiffs appeal be AFFIRMED.